FLOWER v. CENTRAL NAT. BANK.†

In re JONES DRY GOODS CO.

(Circuit Court of Appeals, Eighth Circuit.   May 3, 1915.)

No. 4207.

1. BANKRUPTCY ☞467—APPEAL—REVIEW—QUESTIONS OF FACT.

On appeal from a judgment allowing a claim against a bankrupt, the finding of the trial court that a loan, though evidenced by a note signed by the chief executive officers of the bankrupt corporation, was in fact made to the corporation, was presumptively correct.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ☞467.

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. EVIDENCE ☞459—PAROL EVIDENCE TO VARY WRITING.

Though a loan was evidenced by a note signed by the chief executive officers of a corporation, and not by the corporation itself, no error was committed in permitting the introduction of oral testimony to show that the loan was in fact made to the corporation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1722, 1906-1910, 2109-2114; Dec. Dig. ☞459.]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

In the matter of the Jones Dry Goods Company, bankrupt. From a judgment allowing a claim of the Central National Bank, Henry C. Flower, trustee, appeals. Affirmed.

Justin D. Bowersock, of Kansas City, Mo. (Lester W. Hall, Inghram D. Hook, and Robert B. Fizzell, all of Kansas City, Mo., on the brief), for appellant.

W. C. Marshall, of St. Louis, Mo. (W. W. Henderson, of St. Louis, Mo., on the brief), for appellee.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON, District Judge.

ADAMS, Circuit Judge.   This was an appeal by the trustee of the estate of the Jones Dry Goods Company in bankruptcy, from an order made by the District Court allowing a claim for $15,000 in favor of the Central National Bank against the estate of the bankrupt.   The facts of the case as disclosed by the proof of debt filed with the referee and by the evidence adduced at the trial are substantially these: In April, 1910, L. M. Jones, president of the dry goods company, visited St. Louis, where the bank was engaged in business, and had an interview with Mr. Hilliard, the president of the bank, concerning loaning money to two corporations doing business in Kansas City, the Jones Dry Goods Company and the Jones Bros. Mercantile Company, of both of which L. M. Jones and his brother, J. L. Jones, were the chief executive officers, and they together owned a majority of the capital stock of both corporations.   The bank had before that time loaned to these two

corporations considerable money, but at the time in question they required more money. The bank was willing to loan them an additional sum of $25,000, but informed Mr. Jones, who was then seeking the additional loan, that the limit of credit of one of the corporations had already been reached, but that the bank would make the additional loan if it could be arranged in some satisfactory way. It was accordingly agreed that L. M. Jones, and his brother, J. L. Jones, should make their two individual notes for $12,500 each, and that $15,000 of the proceeds should go to the Jones Dry Goods Company and $10,000 should go to the Jones Bros. Mercantile Company. This arrangement was carried out. Two notes were executed accordingly, and the proceeds were delivered to the two Jones corporations in the proportions just indicated, and were afterwards used and employed by them in the regular course of their business. At the maturity of these notes they were renewed for some further period, and new notes of like character were given in lieu of them.

The sole question in this case is whether the claim for $15,000, based upon the loan as just described, is a provable debt against the bankrupt, notwithstanding the fact that the notes evidencing it were signed in the individual names of the chief officers of the company.

[1] The claimant bank contends that the loan was made to and for the benefit of the dry goods company and the mercantile company, and that the taking of the notes signed in the names of the two executive officers of these companies was a device resorted to for the purpose of avoiding the appearance of excessive loans, or for some other business convenience. The trustee contends that the loans were made to the individual signers of the notes, leaving it to them to make such disposition of the proceeds as they desired to make. The issue, therefore, is, To whom was the loan made? On this issue oral and written testimony was taken, and the trial judge reached the conclusion that the loans were in fact made to the two corporations, the dry goods company and the mercantile company, and that the taking of the notes in the way stated was an expedient resorted to for business reasons, and did not change the essential character of the transaction, and allowed the claim as made against the dry goods company. Not only is his conclusion on this issue of fact presumptively correct, but after a careful consideration of all the evidence we have reached the same result. In fact, we think the evidence taken as a whole admits of no other reasonable conclusion.

[2] The trustee contends that the trial court erred in permitting the use of oral testimony to vary the terms of the contract as evidenced by the notes, on the ground that these notes constituted the exclusive expression of the contract as made by the parties. He also contends that the trial court erred in holding that the claim of the bank was provable against the estate as a cause of action in assumpsit for money had and received. These contentions are the same as those made in the case of Flower, Trustee, v. Commercial Trust Company, 223 Fed. 318, just decided, and for the reasons expressed in the opinion in that case they present no obstacle for the allowance of this claim. The judgment of the trial court is therefore affirmed.