HOGIN v. CENTRAL NAT. BANK.†

In re JONES BROS. MERCANTILE CO.

(Circuit Court of Appeals, Eighth Circuit.  May 5, 1915.)

No. 4208.

BANKRUPTCY ⊆⊃314—CLAIMS PROVABLE—LOANS.

Where a loan was in fact made to a bankrupt corporation, the claim was provable against it, though evidenced by the individual notes of the corporation's executive officers.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. ⊆⊃314.]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

In the matter of the Jones Bros. Mercantile Company, bankrupt. From a judgment allowing a claim of the Central National Bank, Clarence L. Hogin, trustee, appeals. Affirmed.

James G. Smart and Albert R. Strother, both of Kansas City, Mo., for appellant.

W. C. Marshall, of St. Louis, Mo. (W. W. Henderson, of St. Louis, Mo., on the brief), for appellee.

Before ADAMS and CARLAND, Circuit Judges, and AMIDON, District Judge.

ADAMS, Circuit Judge.  This was an appeal by the trustee of the estate of the Jones Bros. Mercantile Company in bankruptcy, from an order of the District Court allowing a claim of $10,000 in favor of the Central National Bank against the estate of the bankrupt.  The facts of the case and the questions of law are the same as those involved in the case of Flower, Trustee, v. Central National Bank, 223 Fed. 323, just decided by this court, to which reference is made for a more comprehensive statement.

A loan of $25,000 was negotiated by L. M. Jones, the president of the Mercantile Company, and a high officer of the Jones Dry Goods Company, for the benefit of those two corporations.  Two notes for the total sum of $25,000 were signed by L. M. Jones and his brother, J. L. Jones, who was also a high officer of both companies, and the proceeds of their discount were divided between the mercantile company and the dry goods company, as directed by L. M. Jones at the time he negotiated the loan, in the proportion of ten twenty-fifths, or $10,000 to the mercantile company and fifteen twenty-fifths to the dry goods company.

The issue of fact below was and here is whether the loan was made to the two companies in the proportion just stated or whether it was made to the individual signers of the notes, leaving it to them to make such ultimate disposition of the proceeds as they desired to make.  The trial judge found that the loan was actually made to the two companies in the proportions stated, and that the taking of the individual notes of the executive officers was an expedient resorted to for busi-

ness reasons, and allowed the claim of $10,000 against the estate of the mercantile company. We think this conclusion of fact was undoubtedly correct. The same questions of law were debated in this case as were relied on by the trustee in the two cases of Flower, Trustee, v. Commercial Trust Company, 223 Fed. 318, and Flower, Trustee, v. Central National Bank, 223 Fed. 323, just decided, and for the reasons expressed in the opinions in those cases we think there was no legal obstacle to the allowance of this claim against the estate of the bankrupt.

The judgment is affirmed.